UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RODRIGUEZ,<br><br>    Petitioner,<br><br>vs.<br><br>G.J. JANDA, Warden,<br><br>    Respondent. | ) Case No. EDCV 12-1913-MMM (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On November 21, 2013, Petitioner filed objections to the Magistrate Judge's Report and Recommendation.[1] Petitioner's objections mostly simply repeat arguments in the Petition and Reply, rearguing the evidence at length. A few of Petitioner's objections require a response, however.

Petitioner appears to attempt to reframe his claims as also challenging the sufficiency of the evidence or the effectiveness

---

[1] Judgment was originally entered in this case on June 19, 2013, after Petitioner did not object to the Magistrate Judge's Report and Recommendation. On September 10, 2013, the Court vacated the Judgment at Petitioner's request to allow him to file objections.

of his counsel. (Objections at 2-4, 16, 19-22.)[2] But any such claims would be unexhausted and therefore not properly before the Court. Thus, the Court declines to exercise its discretion to consider them. See Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in refusing to consider new arguments raised in objections to magistrate judge's report and recommendation); Marquez-Ortiz v. Sullivan, No. SACV 08-552-ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012) (declining to consider habeas petitioner's additional claims raised for first time in objections to report and recommendation because not exhausted in state court).

He also argues, for the first time, that the jury instructions somehow created a "mandatory presumption" on the "element of malice." (Objections at 5.) He does not explain how this is so, however. A "mandatory presumption" jury instruction requires a jury to find a presumed fact if the prosecution proves certain predicate facts. Powell v. Galaza, 328 F.3d 558, 563 (9th Cir. 2003). Petitioner has not pointed to any jury instruction that impermissibly required the jury to find a particular fact concerning "malice" based on certain predicate facts. For the reasons the Magistrate Judge (and the court of appeal) cogently explained (R&R at 11-23), CALCRIM Nos. 521 and 570 together did not act to require the jury to find Petitioner guilty of first-degree murder. Since the Magistrate Judge issued her Report and Recommendation, another District Judge in the

---

[2] Petitioner has not numbered the pages of his objections, so the Court uses the pagination available through the Case Management/Electronic Case Filing system.

Ninth Circuit has rejected an almost identical claim. See McAlpin v. McDonald, No. C 12-6015 WHA (PR), 2013 WL 6325905, at *14-19 (N.D. Cal. Dec. 4, 2013).

Petitioner argues state law at length to support his position that he was entitled to a lesser-included-offense instruction (Objections at 9-10), but as the Magistrate Judge pointed out (R&R at 19), such claims cannot give rise to federal habeas relief because the U.S. Supreme Court has never recognized a constitutional right to such an instruction in a noncapital case.

Petitioner argues that the testimony of his alleged newly discovered witness would not have been cumulative because it would have lent credence to Petitioner's contention that the occupants of the Tahoe had guns. (Objections at 15-23.) First, however, the witness would have testified only that one of the Tahoe's occupants was holding a "silver metal object," which is fully consistent with other witnesses' testimony that they had weapons. (R&R at 25, 31.) Second, as the court of appeal noted, at least three other witnesses testified that the occupants of the Tahoe had guns. (R&R at 29.) Thus, as the Magistrate Judge found (R&R at 30-32), the court of appeal was not objectively unreasonable in upholding the trial court's ruling that the evidence, although material, would have been cumulative.

Finally, as the Magistrate Judge correctly noted (R&R at 32-34), Petitioner's third claim – that the trial court violated double-jeopardy principles in imposing a sentencing enhancement for use of a firearm because it punished the same conduct as the murder conviction – is foreclosed by Plascencia v. Alameida, 467

F.3d 1190, 1204 (9th Cir. 2006), and Petitioner's lengthy arguments concerning the claim's merits (Objections at 23-27) cannot change that.

Accordingly, having made a de novo review of those portions of the Report and Recommendation to which Petitioner has objected, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Petition is denied, Petitioner's request for an evidentiary hearing is denied, and Judgment be entered dismissing this action with prejudice.

DATED: June 4, 2014

_____
MARGARET M. MORROW
U.S. DISTRICT JUDGE